# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DONALD MILLER, an Individual,

    Plaintiff,

Case No. 16-10413

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-1, ASSET-BACKED CERTIFICATES, SERIES 2006-1, AND
OCWEN LOAN SERVICING, LLC,

    Defendants.

| | |
|---|---|
| David Lutz<br>David Lutz Law P.C. (P53665)<br>3250 West Big Beaver Road<br>Suite 300<br>Troy, MI 48084-2909<br>(248)714-1650<br>*Attorney for Plaintiff* | David M. Dell (P61778)<br>Thomas M. Schehr (P54391)<br>**DYKEMA GOSSETT PLLC**<br>*Attorneys for Defendants*<br>39577 Woodward Ave., Ste. 300<br>Bloomfield Hills, MI 48304<br>(248) 203-0700<br>ddell@dykema.com<br>tschehr@dykema.com |

## NOTICE OF REMOVAL FROM STATE COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1367(a), 1441(a) and 1446, the above-captioned action currently pending in the Macomb County Circuit Court in the State of Michigan is hereby removed by Defendants, Wells Fargo Bank, National Association as Trustee for Option One

Mortgage Loan Trust 2006-1, Asset-Backed Certificates, Series 2006-1 (the "Trustee") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively "Defendants"), to the United States District Court for the Eastern District of Michigan, by the filing of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Michigan. In support of removal, Defendants state as follows:

1. On or about January 11, 2016, Plaintiff filed a Complaint against the Defendants in the Macomb County Circuit Court.

2. Ocwen received a copy of the Summons and Complaint on or about January 27, 2016 via certified mail.

3. Upon information and belief, the Trustee has not been properly served in accordance with the Michigan Court Rules and does not waive any defenses relating thereto.

4. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings received by Ocwen in the State Court Action are attached hereto as **Exhibit A**.

5. Pursuant to 28 U.S.C. § 1446(b)(l), this Notice of Removal is timely because it was filed within 30 days after receipt of the Summons and Complaint.

6. This Court is in the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a). The Macomb County Circuit Court is located in the Eastern District of Michigan.

2

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

318172.1 C083941\0388509

7.  Defendants remove this case based upon federal question and diversity jurisdiction.

## FEDERAL QUESTION JURISDICTION

8.  This action is removable to this Court under 28 U.S.C. § 1441(a) because it is a civil action over which this court has original jurisdiction under 28 U.S.C. § 1331.

9.  This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint asserts a federal cause of action against Defendants under the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2605 et seq., and 12 CFR 1024.41 et seq. *See* **Ex. 1**, Complaint, Count I, ¶52 & 62 . Plaintiff also alleges a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. *See Id*. at ¶ 77-80. This Court has supplemental jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367, because they are so related to the federal claims set forth in the Complaint that they form part of the same case or controversy.

## DIVERSITY JURISDICTION

10.  This case is a civil action of which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees, and this action is between citizens of different states, as demonstrated more fully below:

3

a. **Plaintiff Is a Citizen Of Michigan:** For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). In his complaint, Plaintiff alleges that he is a resident of St. Clair Shores, Michigan. Complaint, ¶ 1. Plaintiff does not allege that she has any intention to leave Michigan. Therefore, for diversity purposes, Plaintiff is domiciled in and is a citizen of the State of Michigan.

b. **Ocwen Is A Citizen Of the U.S. Virgin Islands:** Ocwen is a Delaware limited liability company. For diversity purposes, "'a limited liability company . . . has the citizenship of its members.'" *VeriCorr Packaging, LLC v. Osiris Innovations Group, LLC*, 501 F. Supp. 2d 989, 990 (E.D. Mich. 2007) (citations omitted). The sole member of Ocwen is Ocwen Mortgage Servicing, Inc. ("OMS"). OMS is a U.S. Virgin Islands corporation with its principal place of business in the U.S. Virgin Islands. "For purposes of determining diversity jurisdiction, a corporation is a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business." *Freeman, supra*. Thus, OMS,

4

and therefore Ocwen, are citizens of the U.S. Virgin Islands for diversity purposes.

c. **The Trustee Is A Citizen Of South Dakota:** For purposes of diversity jurisdiction "a trust is a citizen of whatever state the trustee is a citizen of." *Arvest Bank v. Byrd*, No. 10-2004, 2011 U.S. Dist. LEXIS 96570, at *7 (W.D. Tenn. Aug. 26, 2011), citing *May Dep't Stores Co. v. Fed. Ins. Co.*, 305 F.3d 597, 599 (7th Cir. 2002); *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002); *Gen. Ret. Sys. of the City of Detroit v. UBS AG*, No. 10–CV–13920, 2010 U.S. Dist. LEXIS 134653, at *4 (E.D. Mich. Dec. 20, 2010). Here, the Trustee was and is a national banking association. For purposes of diversity jurisdiction, a national banking association is deemed a citizen of the state in which it is located. 28 U.S.C. § 1348. A national banking association is "located" in the "State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). According to its Articles of Association, the Trustee's main office is in the City of Sioux Falls, South Dakota. Thus, for purposes of diversity jurisdiction, the Trustee is a citizen of South Dakota.

318172.1 C083941\0388509

Thus, complete diversity exists because Plaintiff is a citizen of Michigan, Ocwen is a citizen of the U.S. Virgin Islands, and the Trustee is a citizen of South Dakota.

11. Pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), Defendants are informed and believe that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney fees. In support of this allegation, Defendants submit the following facts and reasons:

a. On October 13, 2005, Plaintiffs accepted a $112,000.00 loan (the "Loan"). Plaintiffs' obligation to repay the Loan is evidenced by a note ("Note"), which is secured by a mortgage ("Mortgage") on real property located at 26201 Ursuline St, St. Clair Shores, Michigan (the "Property"). (**Ex. B**, Mortgage).

b. The Mortgage was assigned to the Trustee via an Assignment of Mortgage. (**Ex. C**, Assignment).

c. Following Plaintiffs' default, under the terms of her Loan, the Trustee foreclosed the Mortgage by advertisement and purchased the Property at a July 10, 2015 Sheriff's sale (the "Sheriff's Sale) for $111,499.75. (**Ex. D**, Sheriff's Deed).

d. When a plaintiff seeks specific performance, declaratory relief, or injunctive relief, the amount in controversy is measured by "the value of the object that is the subject matter of the action." *Lorimer ex rel. Estate of Lorimer v. Berrelez,* 331 F. Supp. 2d 585,

6

591 (E.D. Mich. 2004) (citations omitted); *see also Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)) (holding "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Neely v. Consol Inc.*, 25 Fed. Appx. 394, 400 (6th Cir. 2002) (holding amount in controversy was equal to amount of lease).

  e. Here, the subject matter of the litigation is the Property. Specifically, Plaintiff seeks rescission of the Sheriff's Sale and to quiet title to the Property, thereby extinguishing the Trustee's interest. According to the city's tax assessor, the state equalized value of the Property is $42,200.00 (which is generally half of the value)[1]. See City of St. Clair Shores General Property Information, attached as **Ex. E**. Thus, the value of the Property according to the township assessor is $84,400.00

  f. Thus, although the Complaint does not plead a specific amount in controversy, and although Defendants deny the allegations in

---

[1] *See* Michigan Tax Tribunal, Glossary of Terms, *available at* http://www.michigan.gov/taxtrib/0,4677,7-187--126336--,00.html (defining "State equalized value" as "[o]ne half (1/2) of your property's true cash value"); *Van Brouck & Assocs., Inc. v. Darmik, Inc.*, 329 F. Supp. 2d 924, 930 (E.D. Mich. 2004) ("find[ing] by a preponderance of the evidence that the fair market value" of the property is twice the SEV).

7

Plaintiff's Complaint and deny liability to Plaintiff whatsoever, if those allegations are proven to be true, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney's fees

12. A Notice Regarding Removal of Action to Federal Court and a copy of this Notice of Removal will be filed with the Macomb County Circuit Court as required by 28 U.S.C. § 1446(d) and copies of the same will be served upon Plaintiff.

13. Based upon the foregoing, Defendants are entitled to remove this action to this Court under 28 U.S.C. § 1332, *et seq.*

14. In filing this Notice of Removal, Defendants do not waive any defenses that may be available.

WHEREFORE, Defendants request this court take jurisdiction over this matter and grant such other relief as the Court deems proper.

Respectfully submitted,

DYKEMA GOSSETT, PLLC

Date: February 5, 2016

By: /s/ David M. Dell
David M. Dell (P61778)
**DYKEMA GOSSETT PLLC**
*Attorneys for Defendants*
39577 Woodward Ave., Ste. 300
Bloomfield Hills, MI 48304
(248) 203-0572
ddell@dykema.com

318172.1 C083941\0388509

## **PROOF OF SERVICE**

I certify under penalty of perjury that a copy of the foregoing Notice of Removal from State Court and this Proof of Service were served on the other counsel of record at his or her address listed above in the manner described in MCR 2.107(C)(3) on February 5, 2016.

    /s/Larry A. Reeve
Larry A. Reeve
Legal Administrative Assistant to
David M. Dell, Esq.

318172.1 C083941\0388509